UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FRANCISCO GONZALEZ MONREAL,<br><br>                        Petitioner,<br><br>v.<br><br>LAROSE,<br><br>                        Respondent. | Case No.:  26-cv-1183-RSH-MMP<br><br>**ORDER DISMISSING PETITION** |

On February 23, 2026, petitioner Juan Francisco Gonzalez Monreal filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts (the "Habeas Rules") requires summary dismissal of a federal habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas

1

proceedings); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition).

Petitioner alleges that he was arrested and taken into immigration custody on October 21, 2025, and is currently detained at the Otay Mesa Detention Center in San Diego, California, pending his removal hearing. ECF No. 1 at 1, 5. Petitioner states, "I am being held without bail when I am not a flight risk." *Id.* at 6. He states that his continued custody creates a hardship for his family members. *Id.* at 6–7. He further states, "I would like to be released on recognizance, as I have strong community ties, my wife, kids, mother, brother, sisters, cousins, etc. I am willing to be tracked by GPS as needed." *Id.* at 7.

The Petition presents no legal basis for challenging the lawfulness of Petitioner's detention, and the length of his custody to date—approximately four and a half months—does not raise due process concerns of prolonged detention. The Court is not aware of any authority that would allow the Court, in the circumstances presented in the Petition and at the present time, to order Petitioner released on his own recognizance. Accordingly, the Petition is **DISMISSED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: March 3, 2026

Hon. Robert S. Huie
United States District Judge

26-cv-1183-RSH-MMP